Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| LEGACY MORTGAGE ASSET TRUST 2019-PR1 Recurrida V. EUGENIO ENRIQUE GONZÁLEZ CASTILLO T/C/C EUGENIO GONZÁLEZ CASTILLO POR SÍ Y COMO RERESENTANTE DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUSTA CON IRMA MARIE DE LEÓN SOTO T/C/C IRMA D. Y OTROS Peticionaria | KLAN202200898 | *Apelación acogida como certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce Caso Núm.: PO2020CV01917 (406 CIVIL SUPERIOR) Sobre: COBRO DE DINERO – ORDINARIO Y OTROS |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores.

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de enero de 2023.

La peticionaria, la Sra. Eugenik González De León, solicita que revoquemos la *Resolución* dictada por el Tribunal de Primera Instancia (TPI), el cual denegó la *Moción al amparo de la Regla 43.1 y en Solicitud de Reconsideración*.

Antes de atender la procedencia del recurso, aclaramos que se presentó erróneamente como una apelación. Sin embargo, lo acogemos como un *certiorari*. Por lo tanto, en aras de propiciar la economía procesal, el recurso conservará la identificación alfanumérica que le fue asignada por la secretaría de este foro intermedio.

Invitada a replicar, Legacy Mortgage Asset Trust 2019-PR1 (Legacy o parte recurrida), presentó su oposición al recurso.

Luego de tener los escritos de ambas partes, estamos listos para determinar si debemos ejercer nuestra discreción y expedir el

Número Identificador

RES2023 _____

recurso. Los hechos que anteceden a su presentación son los siguientes.

## I

La parte recurrida presentó el 13 de noviembre de 2020, *Demanda* en cobro de dinero y ejecución de hipoteca contra los apelantes.[1] En síntesis, alegaron que el señor González Castillo y la señora De León Soto suscribieron un pagaré, el cual está garantizado con una hipoteca, inscrita en el Registro de la Propiedad. Sin embargo, alegaron que, habiendo realizado gestiones para obtener los pagos de las sumas adeudadas, no recibieron respuesta, por lo tanto, declararon vencida la totalidad de la deuda.

El 18 de noviembre de 2020 emplazaron personalmente al señor González Castillo. No obstante, no lograron emplazar a la señora De León Soto, puesto que había fallecido. Por consiguiente, el 28 de diciembre de 2020, Legacy presentó *Moción sometiendo emplazamientos diligenciados, en sustitución de parte y acompañando demanda enmendada*,[2] solicitó la sustitución de partes y enmienda a epígrafe, para sustituir a la Sra. Irma Marie De León Soto por los miembros de su sucesión: Eugenik González De León, Eugene González De León, y Eugenio Enrique González Castillo, en su cuota viudal usufructuaria. El 11 de enero de 2021, siendo notificada el 12 del mismo mes y año, el TPI emitió una *Orden* en la que autorizó la sustitución de partes y ordenó expedir los emplazamientos.[3]

Sin embargo, el 13 de enero de 2021, Legacy presentó *Moción en Solicitud de Paralización de los Procedimientos*, puesto que, el 30 de diciembre de 2020, el señor González Castillo había

---

[1] Índice del apéndice, págs. 1-7.
[2] *Íd.*, págs. 26-33.
[3] *Íd.*, págs. 34-35.

radicado una petición de quiebra.[4] Dicha solicitud fue concedida por el foro primario hasta que el Tribunal de Quiebras emitiera una resolución que permitiera continuar el procedimiento.[5] Posteriormente, la parte recurrida presentó *Moción en Solicitud de Continuación de los Procedimientos y que se Expidan Nuevos Emplazamientos,*[6] ya que el Tribunal de Quiebras permitió la continuación del caso. A su vez, señalaron que desistían de la causa de acción en cobro de dinero, pero continuaban con la ejecución de hipoteca. Así las cosas, el TPI emitió *Orden* para continuar el pleito.[7]

Conforme surge del expediente, el 8 de julio de 2021, la parte recurrida solicitó autorización para emplazar por edicto a la Sra. Eugenik González De León y al Sr. Eugene González De León y Fulano y Fulana de Tal como posibles herederos desconocidos de Irma Marie De León Soto t/c/c Irma De León Soto, puesto que no habían podido ser emplazados personalmente.[8] Insatisfecho, el foro primario con las gestiones hasta entonces efectuadas para localizar los codemandados, exigió gestiones adicionales previo a la autorización de emplazamiento por edicto.[9] El 24 de agosto de 2021, una vez presentadas las alegadas gestiones realizadas por localizarlos,[10] el foro recurrido autorizó el emplazamiento por edicto.[11]

El 7 de octubre de 2021, Legacy presentó *Moción en Solicitud de Anotación de Rebeldía por Falta de Comparecencia y en Solicitud de Sentencia en Rebeldía.*[12] En dicho escrito adujo que la parte recurrida había sido emplazada, no había contestado la demanda

---

[4] *Íd.*, pág. 36.
[5] *Íd.*, pág. 37.
[6] *Íd.*, págs. 38-44.
[7] *Íd.*, pág. 45.
[8] *Íd.*, págs. 47-50.
[9] *Íd.*, pág. 51.
[10] *Íd.*, págs. 52-54.
[11] *Íd.*, págs. 55-56.
[12] *Íd.*, págs. 57-58.

dentro del plazo concedido en ley, a su vez, solicitó declarara la demanda con lugar y dictara sentencia en rebeldía. Conforme a lo solicitado, el 19 de octubre de 2021, siendo notificada el 29 de octubre de 2021, el TPI emitió Sentencia en rebeldía y declaró ha lugar la demanda.[13] El 4 de noviembre de 2021 fue notificada mediante edicto la *Sentencia en rebeldía.*

En desacuerdo con dicha moción, el 6 de diciembre de 2021, la Sra. Eugenik González presentó *Moción Relevo de Sentencia y/o Desestimación Sin Someterse a Jurisdicción.*[14] En síntesis, alegó que Legacy no cumplió con las Reglas de Procedimiento Civil sobre emplazamientos, por lo que el TPI no ostentaba jurisdicción sobre su persona, razón por la cual la sentencia emitida en rebeldía el 29 de octubre de 2021 era nula por falta de jurisdicción sobre su persona. Posteriormente, Legacy se opuso y con la comparecencia de las partes, el foro primario denegó la solicitud de relevo de sentencia.[15]

Luego de varias incidencias procesales, el 8 de febrero de 2022, la Sra. Eugenik González presentó una segunda *Moción de Relevo de Sentencia.*[16] En esta señaló que, el TPI nunca llevó a cabo el procedimiento a seguir según requiere la Ley 184-2012. Alegó que no citaron a las partes para que comparecieran a la mediación compulsoria, para que pudieran comenzar las negociaciones y evitar la pérdida de su hogar.

En respuesta, la parte recurrida sostuvo que, una vez emplazadas todas las partes y transcurrido más de 30 días desde el diligenciamiento de los emplazamientos, presentaron una moción para que se les anotara la rebeldía, lo que el foro primario autorizó. Por lo tanto, esbozaron que, estando todas las partes en

---

[13] *Íd.*, págs. 59-62.
[14] *Íd.*, pág. 63.
[15] *Íd.*, págs. 65-76.
[16] *Íd.*, págs. 79-80.

rebeldía, las disposiciones de la Ley Número 184-2012 no son de aplicación al presente caso conforme al Art. 3 de la misma. Asimismo, afirmaron que la codemandada no había expresado y/o evidenciado que el inmueble objeto de ejecución constituyese la residencia principal de ésta, y no puso al tribunal en posición de determinar que la propiedad era su residencia principal.[17] De hecho, el 14 de diciembre de 2021, la Clínica de Asistencia legal de la Pontificia Universidad Católica de Puerto Rico, a través de la Lcda. Janelise Torres Marrero, presentó una moción de relevo de representación legal. En la misma informó que la residencia de la señora Eugenik N. González era Jardines de Fagot #2743, Calle Altamisa en Ponce.[18]

El 22 de febrero de 2022, el foro primario emitió una *Resolución*, mediante la cual denegó la moción de relevo de la peticionaria.

No obstante, la Sra. Eugenik González presentó otra *Moción Relevo de Sentencia*.[19] En dicha moción se reafirmó en que el TPI nunca citó a las partes para que comparecieran a la mediación compulsoria que exige la Ley 184-2012. El Tribunal de Primera Instancia no atendió la moción. Por lo que, el 10 de junio de 2022, la codemandada presentó *Segunda Moción Relevo de Sentencia bajo la Ley 184 del 2012.*[20] El 23 de junio de 2022, el tribunal *a quo*, emitió la siguiente *Resolución*: "NO HA LUGAR. ATÉNGASE A LO DISPUESTO EN LAS RESOLUCIONES DEL 22 DE FEBRERO DE 2022 Y EL 2 DE MAYO DE 2022."[21]

En desacuerdo con dicha determinación, la peticionaria presentó *Moción bajo la Regla 43.1 y Reconsideración.*[22] Señaló que

---

[17] *Íd.*, págs. 88-91.
[18] *Id,* págs. 65-66.
[19] *Íd.*, págs. 93-94.
[20] *Íd.*, págs. 97-98.
[21] *Íd.*, pág. 99.
[22] *Íd.*, pág. 101.

erró el TPI al no fundamentar los hechos y el derecho para su determinación. La recurrida, por su parte, replicó y arguyó que todas las resoluciones que el foro primario ha emitido, la Sra. Eugenik González no solicitó reconsideración, ni apeló los dictámenes.[23] El 11 de octubre de 2022, siendo notificada el 12, el TPI denegó la moción bajo Regla 43.1 y su reconsideración.[24]

Inconforme, la Sra. Eugenik González presentó este recurso en el que hace el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA Y ORDENAR LA VENTA JUDICIAL DE LA RESIDENCIA PRINCIPAL DE LOS DEMANDADOS APELANTES SIN HABER ORDENADO LA CELEBRACIÓN DE UNA VISTA O ACTO DE MEDIACIÓN COMPULSORIO, EN CONTRAVENSIÓN A LO RESUELTO EN EL CASO **BCO. SANTANDER V. CORREA GARCÍA**, 196 DPR 452 (2016), EL CUAL ESTABLECIÓ EL REQUISITO JURISDICCIONAL DE LA LEY PARA MEDIACIÓN COMPULSORIA Y JURISDICCIONAL DE LA LEY PARA MEDIACIÓN COMPULSORIA Y PRESERVACIÓN DE TU HOGAR EN LOS PROCESOS DE EJECUCIONES DE HIPOTECAS DE UNA VIVIENDA PRINCIPAL, LEY NÚM. 184-2012, 32 LPRA SEC. 2881-2886 (LEY 184) **LA CELERACIÓN DE UNA VISTA O ACTO DE MEDIACIÓN COMPULSORIO** SIN CUYO CUMPLIMIENTO NO SE PODRÁ DICTAR SENTENCIA O CELEBRAR LA VENTA JUDICIAL, **Y DE DICTARLA LA MISMA SERÍA NULA**.

## II

### A. CERTIORARI

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 dispone que el Tribunal de Apelaciones tendrá competencia para atender mediante el recurso de apelación, las sentencias finales dictadas por el Tribunal de Primera Instancia, así como mediante un auto de *certiorari*, el cual será expedido a discreción, sobre cualquier resolución u orden dictada por el foro primario. De igual forma, mediante la presentación de un recurso de revisión judicial, también tendrá competencia sobre las

---

[23] *Íd.*, págs. 102-104.
[24] *Íd.*, pág. 117.

decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. 4 LPRA sec. 24y.

Por otra parte, la Regla 40 del Reglamento de este Tribunal dispone los criterios que habrá de considerar este tribunal, particularmente cuando como en este caso, se trata de una resolución post sentencia, con el propósito de que se pueda ejercer la discreción de manera prudente. De tal manera establece que para expedir un auto de *certiorari*, se deben considerar los siguientes criterios:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

El Tribunal Supremo de Puerto Rico reiteradamente ha expresado que, el recurso de certiorari constituye un vehículo procesal discrecional por el cual un tribunal de mayor jerarquía puede revisar determinaciones de un tribunal subalterno. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005).

No obstante, la característica principal del *certiorari* es que descansa en la sana discreción del tribunal revisor. Ahora bien, dicha discreción no es absoluta, sino que es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *800 Ponce de León v. AIG*, supra, *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *IG Builders v. BBVAPR*, supra, pág. 338. Por lo tanto, la discreción que debemos ejercer es bajo un parámetro de razonabilidad, que procure siempre alcanzar una conclusión justa. *Medina Nazario v. McNeil Healthcare LLC, Íd.*

## III

El error señalado por la peticionaria se reduce a determinar, si ante los hechos de esta controversia, el TPI actuó correctamente al declarar ha lugar la demanda de ejecución de hipoteca, sin haber citado a las partes a una vista de mediación compulsoria.

Luego de evaluado el recurso de acuerdo con los límites establecidos en la Regla 40 del Reglamento de este Tribunal, concluimos que procede abstenernos de ejercer nuestra jurisdicción revisora.

## IV

Por los fundamentos antes expuestos, se deniega la expedición del recurso.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones